IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RHA1 LLC and HAVENBROOK HOMES,<br><br>        Plaintiffs,<br><br>v.<br><br>JANNETTA THOMPSON and All Other Occupants,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>1:18-CV-03278-ODE-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the application to proceed in forma pauperis and Notice of Removal from the Magistrate Court of Henry County filed by Defendant Jannetta Thompson ("Defendant"). [Doc. 1]. Defendant's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. [Id. at 1]. The requirements of 28 U.S.C. § 1915(a)(1) having been satisfied, Defendant's request for leave to proceed in forma pauperis is **GRANTED** for these proceedings only.

Because it is evident, however, that this Court does not have jurisdiction over the underlying dispossessory action filed against Defendant in the Magistrate Court of Henry County, I **RECOMMEND** that this action be **REMANDED** to the

Magistrate Court of Henry County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, which means that federal courts only have the power to provide a forum for some, not all, disputes. Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction. Accordingly, this Court must examine the Notice of Removal and attached exhibits to determine whether the claims raised in the Magistrate Court of Henry County can properly be removed to this Court.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States. See 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a defendant may remove a case to federal court only if the case could have been brought there originally. See Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). The party seeking removal bears the burden of establishing federal jurisdiction. See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

On the Civil Cover Sheet in this action, Defendant indicates that the basis of this Court's jurisdiction is federal question jurisdiction. [Doc. 1-2 at 1]. The underlying action, however, is a dispossessory action which is based solely on state law. The complaint filed in the Magistrate Court of Henry County seeks to institute dispossessory proceedings against Defendant and recover past due rent. [Doc. 1-1 at 10]. The complaint does not show that any federal statute was relied upon in the underlying dispossessory proceeding. Accordingly, Defendant has failed to meet her burden of establishing that this Court has jurisdiction over the underlying dispossessory proceeding.

Because Defendant has failed to establish that removal of the underlying dispossessory proceeding is proper, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of Henry County. Defendant's application to proceed in forma pauperis [Doc. 1] is **GRANTED** solely for the purpose of remand.

**SO ORDERED, REPORTED, AND RECOMMENDED**, this 11th day of July, 2018.

_____
Catherine M. Salinas
United States Magistrate Judge